IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ECOLAB INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORKIN EXTERMINATING CO., INC. and GARDNER MANUFACTURING CO., INC.,<br><br>Defendant. | Civil Action No. 00-CV-2294 JMR/FLN<br><br>Judge James M. Rosenbaum<br><br>Magistrate Judge Franklin L. Noel |

**CONFIDENTIALITY AGREEMENT AND**
**PROTECTIVE ORDER UNDER FED.R.CIV.P. 26(c)**

By agreement of the parties and pursuant to Federal Rule 26(c), the Court hereby orders that documents and other information exchanged during the course of discovery in this action be protected against unnecessary disclosure as follows:

1. Certain documents that are subject to discovery in this litigation contain sensitive information relating to the parties' trade secrets and other nonpublic business and financial information. In the ordinary course of their respective businesses, the parties make significant efforts to keep such information confidential from competitors, customers and the public at large, as disclosure of such information would impair its value or place a party at a competitive disadvantage. Documents produced by parties, interrogatory answers, deposition testimony, information contained in any such documents, and any other information disclosed or exchanged in the course of discovery in this lawsuit ("discovery material") may be treated confidentially as provided herein.

FILED FEB 2 6 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Either party may, in good faith, designate as "CONFIDENTIAL" any discovery material that it furnishes in this action and that concerns or reflects its non-public internal business or financial information, trade secrets, or internal commercial operations, which if disclosed, could prejudice its business dealings or interests or intrude upon the privacy of any non-party ("confidential discovery material"). No person who receives any confidential discovery material may either disclose it to any person other than those described in Paragraph 2 of this Protective Order or use it for any purpose other than that specified in Paragraph 2 of this Protective Order. Before any person listed in Paragraph 2(b) or 2(c) of this Protective Order may receive confidential discovery material, he or she must sign a statement indicating that he or she has been given a copy of this order, that he or she agrees to be bound by it, and that he or she understands the sanctions which the Court may impose for contempt.

2. Unless otherwise ordered by this Court or agreed to by the parties, confidential discovery materials shall be used solely for the preparation and prosecution of claims and defenses in this lawsuit. Confidential discovery material may not be shown or otherwise disclosed to any person other that the following persons:

(a) Legal counsel for the parties to this lawsuit; including trial counsel of record (including necessary paralegal, secretarial and clerical personnel); and one (1) in-house counsel for each party (including the necessary paralegal, secretarial and clerical personnel);

(b) One (1) officer, director, staff personnel, employee or agent of the parties as is necessary to aid counsel in the preparation and prosecution of claims and defenses in this lawsuit;

(c) No more than four bona fide independent experts or consultants, engaged by counsel for assistance in the preparation and prosecution of claims or defenses in this lawsuit;

(d) Court reporters and persons preparing transcripts of depositions; and

(e) This Court and its authorized personnel.

No person who receives any confidential discovery material may either disclose it to any person other than those described in this paragraph or use it for any purpose other than that specified in this paragraph. Before any of those persons listed in Paragraphs 2(b) or 2(c) may receive any confidential discovery material, they must sign the statement referred to in Paragraph 1 of this Protective Order, they must be informed of the terms of this order, they must agree to be bound by it, and they must be advised that the sanctions for any violation of this order include the penalties which the Court may impose for contempt.

3. Any party may challenge another party's designation of confidential discovery material by filing a Motion to Compel Production of Discovery Without a Protective Legend. If the Court determines that the designation was made in bad faith or without good cause, then the party opposing the motion shall be ordered to produce the discovery materials without the protective legend. The Court may impose sanctions, if appropriate, upon the non-prevailing party involved in that motion.

4. If any person wishes to use confidential discovery material in questioning a witness at a deposition, then -- at the instance of the party who produced the confidential discovery material -- all persons other than those described in Paragraph 2 of this Protective Order shall be excused from the deposition during the time the

confidential discovery material is being disclosed or discussed at the deposition. If the deposition is being given by a person who is not entitled to receive confidential discovery material pursuant to Paragraph 2 of this Protective Order, then that witness and his or her counsel (if any) must first be advised on the record that the information is being disclosed pursuant to this order, that the witness and his or her counsel are bound by the provisions of this order, and that the sanctions for violation of this order include the penalties which the Court may impose for contempt. The witness and his or her counsel (if any) must then sign a statement in the form referred to in Paragraph 1 of this Protective Order.

5. If any party should find it necessary in the preparation and prosecution of claims or defenses in this lawsuit to disclose any confidential discovery material to any party not described in Paragraph 2 of this Protective Order, then the counsel for that party, at least ten days before disclosure, shall first notify counsel for the other party in writing of the discovery material at issue and of the name and identity of each person to whom disclosure is proposed to be made. Within ten days after receipt of that notice, counsel may object to the disclosure to the persons identified. If an objection is made, then no disclosure shall be made until the objection has been resolved either by agreement of the parties or by decision of the Court on motion filed by the party seeking to make disclosure. If there is no objection to disclosure, or if any objection is resolved in favor of the disclosure, then each person to whom disclosure is to be made shall, prior to disclosure, sign a statement in the form referred to in Paragraph 1 of this Protective Order.

6. Testimony given or other information disclosed at a deposition may be designated confidential by an indication on record at the deposition, or by written notice

of the specific pages and lines of testimony, within thirty days after receipt of the transcript, that the testimony is confidential and subject to the provisions of this order. Each party shall attach a copy of any such written notice to all copies of the transcript within its possession, custody or control or, if protection is sought at the time the deposition is taken, then the court reporter shall note the confidential protection on the first page of the deposition transcript. All depositions shall be treated as confidential for a period of at least thirty-five days after a full and complete transcript of the deposition is available.

7. Any deposition transcript, pleading, motion, memorandum or other paper filed with the Court which includes, discloses, summarizes or paraphrases any confidential material shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this lawsuit, an indication of the nature of the contents, the words "CONFIDENTIAL" and "RESTRICTED ACCESS PURSUANT TO COURT ORDER" and a statement in substantially the following form:

> "This document is filed under seal pursuant to Court order and, unless otherwise ordered by this Court, shall not be reproduced for, or shown to, persons other than those authorized under this Protective Order or the Court and its authorized personnel."

8. Confidential-Attorneys Eyes Only Designation.

Nothing contained in this Protective Order shall restrict in any manner the right of any party to assert, in good faith, that certain information is so highly confidential that it is only subject to discovery and inspection by persons listed in Paragraph 2(a) or 2(c) for either party and shall not be shown to any other person described in Paragraph 2(b) of this Protective Order without an order of the Court. Documents deemed in good faith to be

covered under the terms of this paragraph shall be a stamped "CONFIDENTIAL -- Attorneys' Eyes Only." Any document so designated cannot, in the absence of a court order, be disclosed to anyone other than the persons listed in Paragraph 2(a) and 2(c) of this Protective Order, and the persons listed in Paragraph 2(d) and 2(e), as necessary. Before any person listed in paragraph 2(c) of this Protective Order may receive material designated "CONFIDENTIAL -- Attorneys' Eyes Only," he or she must sign a statement indicating that he or she has been given a copy of this order, that he or she agrees to be bound by it, and that he or she understands the sanctions which the Court may impose for contempt. Challenges to such designations and use of documents so designated shall be governed as applicable by paragraphs 3 through 7 and 9 through 14 of this Protective Order.

9. Restriction on the use or disclosure of confidential discovery material as specified in this order shall continue during any trial or hearing in this lawsuit. The use of confidential discovery material as evidence at a hearing or at the trial of this lawsuit shall be subject to such protection as the Court shall determine at the time. By stipulating to the entry of this order, neither party waives any right that it might have to object on any ground to the admission of any evidence at the hearing or trial.

10. At the conclusion of this lawsuit, legal counsel may retain one copy or sample of confidential discovery material produced by another party for reference in the event of a dispute over the use of or dissemination of information and may retain confidential discovery material to the extent they include or reflect attorneys' work product. All other confidential discovery material shall be destroyed no later than thirty days after the unappealed or unappealable final judgment or settlement of this lawsuit and

a certification to that effect shall be communicated to the other party. With respect to confidential discovery material, destroy shall mean by shredding or burning. Each party shall assume the reasonable burden and expense of the destroying of its own confidential discovery material. Neither the termination of this lawsuit nor the termination of employment of any person who had access to any confidential discovery material shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this order.

11. Nothing in this order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this lawsuit and, in the course thereof, from referring to or relying generally upon his or her examination of confidential discovery material. However, in rendering any such advice or in otherwise communicating with his or her client, the attorney shall not disclose the contents or source of any confidential discovery material in any manner contrary to the terms of this order.

12. Nothing in this order shall prevent disclosure beyond the terms of this order of any confidential discovery material if the party from which the material originated consents, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party, to modify or grant relief from any provision of this order or to place further restrictions on the use of any discovery material other than as provided by the terms of this order. This Court will continue jurisdiction to enforce the provisions of this order following dismissal of the case and termination of all of the proceedings.

13. Nothing contained in this Protective Order shall have the effect of rendering "confidential" any information or material which (i) is or becomes generally available to the public, other than by disclosure by a party hereto which receives such information or material from the other party hereto (ii) information or material which was available to or in the possession of a party hereto on a non-confidential basis prior to its disclosure in this litigation by the other party hereto, (iii) information or material which either party hereto receives from a third party not bound by a confidentiality agreement with respect to such information or material.

14. In the event that a party seeks discovery from a nonparty to this action, the nonparty may invoke the terms of this order in writing to all the parties to the action with respect to any protected information to be provided to the requesting party by the nonparty.

SO ORDERED:

Dated: 2/23/01

United States ~~District~~ Judge
MAGISTRATE

AGREED TO:

Dated: 5 February 2001

Attorneys for ECOLAB INC.,

By: ______________________

Douglas J. Williams, Reg. No. 117,353
J. Derek Vandenburgh, Reg. No. 224,145
Jonelle R. Witt, Reg. No. 282,145
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
(612) 332-5300

OF COUNSEL:
Andrew Sorensen, Esq.
ECOLAB INC.
Ecolab Center
370 North Wabasha Street
St. Paul, Minnesota 55102
(651) 293-2432

AGREED TO:

Dated: 2/7/01

Attorneys for GARDNER MANUFACTURING CO., INC.,

By: ______________________

James T. Nikolai, Reg. No. 144101
NIKOLAI, MERSEREAU & DIETZ, P.A.
820 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
(612) 339-7461

Joan L. Eads
FOLEY & LARDNER
150 East Gilman Street
Madison, Wisconsin 53701
(608) 257-5035

AGREED TO:

Dated: 9 Feb 2001

Attorneys for ORKIN EXTERMINATING CO., INC.,

By: [signature]

Jon S. Swierzewski, Reg. No. 108,017
Cynthia M. Klaus, Reg. No. 278,83X
LARKIN, HOFFMAN, DALY &,
LINDGREN, LTD.
7900 Xerxes Avenue South
1500 Wells Fargo Plaza
Bloomington MN 55431
(952) 835-3800

OF COUNSEL:
Stephen M. Dorvee
ARNALL GOLDEN & GREGORY LLP
One Atlantic Center, Suite 2800
1201 West Peachtree Street
Atlanta, GA 30309-3450
(404) 873-8500

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ECOLAB INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORKIN EXTERMINATING CO., INC. and GARDNER MANUFACTURING CO., INC.,<br><br>Defendant. | Civil Action No. 00-CV-2294 JMR/FLN<br><br>Judge James M. Rosenbaum<br><br>Magistrate Judge Franklin L. Noel |

**UNDERTAKING UNDER PARAGRAPH 1**
**OF THE CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER UNDER FED.R.CIV.P. 26(c)**

I, ______________________________________________, having been advised by counsel for ________________________________, that information I am about to receive, or documents which I am about to review, are protected pursuant to Paragraph 1 of the Confidentiality Agreement and Protective Order in the above-captioned case, a copy of which Protective Order I have read, do hereby promise and undertake to keep confidential and protect the information and documents, and to share this information with no person or entity who is not a party to this proceeding or who has not also signed an undertaking of like nature. I hereby submit to the jurisdiction of the U.S. District Court for the District of Minnesota for the purpose of responding to any alleged breach of this undertaking. I understand that a violation of this Order may be punished as a Contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ______________________________________

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ECOLAB INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORKIN EXTERMINATING CO., INC. and GARDNER MANUFACTURING CO., INC.,<br><br>Defendant. | Civil Action No. 00-CV-2294 JMR/FLN<br><br>Judge James M. Rosenbaum<br><br>Magistrate Judge Franklin L. Noel |

**UNDERTAKING UNDER PARAGRAPH 8**
**OF THE CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER UNDER FED.R.CIV.P. 26(c)**

I, ________________________________________, having been advised by counsel for ____________________________, that information I am about to receive, or documents which I am about to review, are protected pursuant to Paragraph 1 and/or Paragraph 8 of the Confidentiality Agreement and Protective Order in the above-captioned case, a copy of which Protective Order I have read, do hereby promise and undertake to keep confidential and protect the information and documents, and to share this information with no person or entity who has not also signed an undertaking of like nature. I hereby submit to the jurisdiction of the U.S. District Court for the District of Minnesota for the purpose of responding to any alleged breach of this undertaking. I understand that a violation of this Order may be punished as a Contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ____________________________________