**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**ECOLAB, INC.,**

Plaintiff,

v.

**ORKIN EXTERMINATING CO., INC., and GARDNER MANUFACTURING CO., INC.,**

Defendants.

Civil No. 00-2294 (MJD/JGL)

**ORDER**

---

APPEARANCES

Jonelle R. Witt, Esq., Douglas J. Williams, Esq., and Andrew D. Sorensen, Esq., on behalf of Plaintiff.

Jon S. Swierzewski, Esq., on behalf of Defendant Orkin Exterminating; and Russell J. Barron, Esq., on behalf of Defendant Gardner Manufacturing.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on March 20, 2001, on Defendant Orkin's Motion for Leave to File an Amended Answer (Doc. No. 27) and Motion for Leave to File a Reply Memorandum (Doc. No. 32). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

MAR 22 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This litigation arises out of a claim of patent infringement by Plaintiff Ecolab. Plaintiff alleges that Defendants infringed United States Patent Number 5,365,690 ("the '690 patent") and United States Patent Number 5,505,017 ("the '107 patent"), both of which cover inventions made in flying insect traps used for pest control and elimination, and which are held by Plaintiff.

Plaintiff filed its Complaint in this matter on October 11, 2000, and Defendant Orkin, after receiving Plaintiff's consent to extend the permitted time in which to answer the Complaint, filed it Answer on December 1, 2000. In the present motion, Defendant Orkin seeks leave to amend its Answer to add an affirmative defense of patent invalidity and a counterclaim for declaratory judgment based on patent invalidity.

## II. DISCUSSION

The pretrial order in this case established a deadline of March 1, 2001 for motions seeking to amend the pleadings. The Court notes that Defendant Orkin filed its motion to amend on March 6, 2001, five days after the deadline. Based on Defendant Orkin's filing its motion after the scheduling order deadline, Plaintiff argues that Fed. R. Civ. P. 16(b) should apply. The Eighth Circuit has held that in cases where a Rule 16 pretrial scheduling order has been filed, the district court "may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order." In re Milk

Products Antitrust Litigation, 195 F.3d 430, 437 (8th Cir. 1999). However, this Court declines to establish five days past the deadline in the Rule 16 Order as "substantially out of time" with that Order. The Court will therefore apply the standards set forth in Fed. R. Civ. P. 15 in determining whether Defendant Orkin may amend its answer.

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings; leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have taken a liberal position for leave to amend, and such motions should usually be granted absent good reason for a denial. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Good reasons for rejecting a proposed amendment are "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment . . . ." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Inclusion of a claim or defense based on facts already known or available to both parties ordinarily does not prejudice the non-movant. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (citation omitted). Finally, a party's motion to amend should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder, 644 F.2d at 695).

In this case, the Court grants Defendant Orkin leave to amend its Answer, Counterclaim, and Cross-Claim to include the affirmative defense of patent invalidity and the counterclaim for declaratory judgment based on patent invalidity. Defendant Orkin, through its recent investigation and discovery, has learned of facts giving rise to this affirmative defense and counterclaim. The Court finds that Defendant Orkin did not unduly delay its motion, did not act in bad faith or with dilatory motive, and did not fail to cure a deficiency by a previously allowed amendment. See Foman, 371 U.S. at 182. Further, Defendant Orkin's proposed amendment does not set forth "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc., 32 F.3d at 1255. The Court concludes that Plaintiff will not be unduly prejudiced by the amendment, since there are nine months remaining in the discovery period, and the trial-ready date is April 2002. Consequently, the Court grants Defendant Orkin leave to amend its Answer, Counterclaim, and Cross-Claim.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Defendant Orkin's Motion for Leave to File an Amended Answer (Doc. No. 27) is **GRANTED.** Defendant Orkin shall file an Amended Answer with the Clerk of Court and serve copies on opposing counsel within fourteen days of the date of this Order; and

(2) Defendant Orkin's Motion for Leave to File Reply Memorandum of Law (Doc. No. 32) is **GRANTED.**

Dated: March 21, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge